UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VICTOR MANUEL ÁLVAREZ-CONTRERAS,<br><br>　　　　Defendant. | No.  2:14-cr-00238-JAM<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTNCE** |

   Victor Manuel Álvarez-Contreras filed a pro se motion for sentence reduction under 18 U.S.C. § 3582.  See Mot. to Reduce Sent. ("Mot."), ECF No. 132.  The Government opposes Defendant's request.  See Opp'n, ECF No. 136.  For the reasons set forth below, Defendant's motion is denied.

                           I.   OPINION
   A.   Amendment 782
   Defendant first seeks a reduction in sentence based upon Amendment 782, an amendment by the Sentencing Commission which became effective on November 1, 2014 and revised the Drug Quantity Table in U.S.S.G. § 2D1.1.  Mot. at 5; Opp'n at 3.
   Generally, a court may "not modify a term of imprisonment

once it has been imposed."  18 U.S.C. § 3582(c); <u>Dillon v. United States</u>, 560 U.S. 817, 824-25 (2010).  When determining whether to grant a sentence reduction, courts follow the two-step analysis set forth by the Supreme Court in <u>Dillon</u>.  560 U.S. at 826.  The first <u>Dillon</u> step requires courts to "determine that a reduction is consistent with § 1B1.10 before it may consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)."  <u>Id.</u>  A reduction is not consistent with § 1B1.10 and therefore not authorized if the amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

The Government argues Defendant's motion fails at the first step of <u>Dillon</u>.  Opp'n at 3-5.  Specifically, the Government contends Defendant does not qualify for a sentence reduction because Amendment 782 did not have the effect of lowering his Guidelines range.  <u>Id.</u>  The Court agrees.  The Court finds that the offense level of 32 remains the same, and consequently Defendant's Guidelines range remains unchanged.[1]  See Opp'n at 3-4.  Because Amendment 782 did not have the effect of lowering his Guidelines range, Defendant is ineligible for relief under that amendment.  <u>Id.</u>  Accordingly, Defendant's motion for sentence reduction based upon Amendment 782 is denied.

---

[1] The Court acknowledges Defendant's request that the Court revisit his leadership enhancement.  Mot. at 5.  However, Defendant's attempt to relitigate his leadership enhancement through his Amendment 782 motion is improper because Amendment 782 did not authorize a plenary resentencing or re-examination of previously applied sentencing enhancements.  Opp'n at 4 (citing to <u>United States v. Ornelas</u>, 825 F.3d 548, 550 (9th Cir. 2016)). Therefore, Defendant's leadership enhancement cannot be revisited through this Motion.

B.  First Step Act

Defendant next seeks a sentence reduction based upon the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194. Mot. at 1.

To determine a defendant's eligibility for relief under the First Step Act, courts first ask whether the defendant's conviction constitutes a "covered offense" within the meaning of the First Step Act. See Dillon, 560 U.S. at 826. A "covered offense" "means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010." Pub. L. No. 115-391, 132 Stat. 5194.

Here, the Court finds Defendant's conviction is not a covered offense. Defendant was convicted of conspiracy to manufacture at least 100 marijuana plants in violation of 21 U.S.C. §§ 846 and 841(a)(1). PSR ¶ 1. This conviction involving marijuana does not constitute a "covered offense" because section 2 of the Fair Sentencing Act of 2010 modified the statutory penalties for violations involving crack cocaine, not for violations involving marijuana. See Pub. L. No. 115-391, 132 Stat. 5194. Because Defendant's statutory penalties were not altered by the Fair Sentencing Act of 2010, Defendant is ineligible for relief under the First Step Act.

Accordingly, Defendant's motion for relief under the First Step Act is denied.

C.  Ineffective Assistance of Counsel

Lastly, Defendant argues he was deprived of his Sixth Amendment right to counsel, pointing out in his motion several instances of ineffectiveness by his trial counsel in connection

with his guilty plea and sentencing. Mot. at 4-5. The Government counters that Defendant's ineffectiveness claims are not cognizable. Opp'n at 7-10. The Court, however, does not reach the merits of defendant's ineffectiveness claims because Defendant has not brought his motion properly under 28 U.S.C. § 2255. See E.D. Cal. L.R. 190; Opp'n at 7.

## II.   ORDER

For the reasons set forth above, the Court DENIES Defendant's Motion to Reduce Sentence.

IT IS SO ORDERED.

Dated: March 16, 2021

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE